# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| **INTERMARK, Inc.** ) | |
| a foreign corporation ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 4:16-cv-01311-CV-BP |
| v. ) | |
| ) | |
| **J & K Waldie, L.L.C.** ) | |
| a foreign corporation ) | |
| ) | |
| Defendant. ) | |

## JOINT STATUS REPORT

COME NOW the parties and hereby provide the Court with this Joint Status Report pursuant to the Court's text Order dated 5/30/18. The parties could not agree on the content of this Report and so they have each submitted their view of the status:

## PLAINTIFF INTERMARK'S STATUS REPORT

1. No lien waivers have been obtained.

2. Counsel for Intermark does not know if or when lien waivers may be able to be obtained by Intermark.

3. Intermark has not agreed to sign any form of a settlement agreement.

4. Unless and until Intermark signs a settlement agreement or defendant pays the settlement proceeds, Intermark is uncertain of when the case may be able to be dismissed.

1

5.      Counsel for Intermark suggests that it would be improper for the Court to dismiss the case before, at a minimum, a settlement document has been executed by both parties and/or the funds from defendant have been paid, either into plaintiff's counsel's trust or into the Court in the form of an interpleader. Such a dismissal would necessarily lead to further extensive litigation over the terms of and parties' compliance with a settlement agreement. These issues should be resolved by this Court prior to any dismissal.

## DEFENDANT J. K. WALDIE'S STATUS REPORT

1.      "The parties mediated their dispute and during the mediation they signed an agreement that resolves their dispute." *Order and Opinion Denying Plaintiff's Motion to Enforce Settlement Agreement at 1 (Doc. 33 filed 1/29/18)*. "The agreement executed during the mediation, (Doc. 29-1; Doc. 30-1), provided that Defendant would pay Plaintiff a total of $175,000, and that the parties would exchange mutual releases. In addition, the agreement provides that 'Plaintiff agrees to satisfy all liens.'" *Id*.

2.      Plaintiff Intermark filed a motion to enforce the settlement (Doc. 28) which defendant opposed. The Court denied the motion holding that:

> For present purposes, it is sufficient for the Court to announce its conclusion that Defendant is entitled to a meaningful assurance that (1) there are no tax liens or that (2) the funds it pays will be used to satisfy any tax liens, all to make sure that Defendant has to pay the settlement proceeds only once.

*Order and Opinion Denying Plaintiff's Motion to Enforce at 4 (Doc. 33 filed 1/29/18)*.

3.      The next day, January 30, 2018, the Missouri Department of Revenue responded to defense counsel's inquiry about lien waivers and advised both lawyers that the MO-DOR

2

Case 4:16-cv-01311-BP   Document 38   Filed 06/19/18   Page 2 of 5

asserted a formal lien. Later that same day defense counsel followed up with an email to the MO-DOR and plaintiff's counsel stating:

> If defendant pays the settlement funds to Intermark directly, there was concern Intermark will not use those funds to satisfy tax liens. This concern is heightened by the findings of the Bankruptcy Court (see attached Order). Consequently, the defendant sent requests for lien waivers to the Missouri DOR, the Alabama DOR (who claims at least $44,000) and the IRS (who claims over $400,000). The Missouri DOR responded to my lien waiver request by not signing the waiver and, instead, re-asserting its lien. I have not heard a response from the AL DOR or the IRS to date. This means those liens are also not being waived. Consequently, my client is not going to release any funds unless and until (1) it receives proof that ALL the liens have been satisfied, or (2) ALL the tax authorities execute lien waivers or similar documents releasing my client and my law firm. * * * * *
>
> If the tax authorities do not claim a lien, then they should execute my lien waiver (attached). If they claim a lien, then Intermark needs to work out a plan to divide the money fairly between the various tax authorities and get them to sign off on the plan. Provided ALL the tax authorities release defendant from any lien(s), defendant does not care what the plan entails. I encourage Intermark and all the tax authorities to begin discussing a path forward. * * *

*See 3/26/18 email string (attached as Exhibit 1).*

4. Plaintiff's counsel is not handling the tax lien issues. *See 3/26/18 email string (attached as Exhibit 1)*.

5. Intermark has not made any progress on the tax lien issue. *See 3/26/18 email string (attached as Exhibit 1)*.

6. On May 4, 2018, Plaintiff's counsel filed a motion to withdraw based on Missouri Rules of Professional Conduct 4-1.16(b)(4), (b)(5), and (b)(6) which the Court denied. *Order (Doc. 36) at 1.*

3

Case 4:16-cv-01311-BP   Document 38   Filed 06/19/18   Page 3 of 5

7. The total amount of the tax liens exceed the total amount of the settlement. For this reason Intermark will not receive any of the settlement proceeds unless the tax authorities waive most their liens. Even then, Plaintiff's counsel has asserted an attorney lien of $70,640 (Doc. 34) which makes the likelihood of Intermark receiving any of the settlement funds even more remote.

8. Because Intermark is defunct and will not receive any of the settlement funds, it appears Intermark has lost interest in this settlement. *See 5/29/18 email on Exhibit 1 ("neither party seems interested in consummating this settlement").*

9. Intermark has not satisfied the tax liens.

10. Defendant is not aware of any actual, ongoing or prospective arrangement by Intermark to satisfy the tax liens.

11. Intermark is insolvent and non-operational.

12. Defendant requests that this case be dismissed now.

        Respectfully Submitted,

        **THE HEALY LAW FIRM, LLC**

        <u>/s/ Mike Healy</u>
        Michael P. Healy    #37309
        3640 NE Ralph Powell Road
        Lee's Summit, Missouri 64064
        Telephone:  816/472-8800
        Telecopier:  816/472-8803
        Attorneys for Defendant J.K. Waldie, LLC

and

**PROTZMAN LAW FIRM, LLC**

/s/ Andrew B. Protzman
Andrew B. Protzman, MO No. 47086
1100 Main Street; Suite 2550
Kansas City, Missouri 64105
Phone: (816) 421-5100
Fax: (816) 421-5105
Email: andy@protzmanlaw.com
Counsel for Plaintiff Intermark, Inc.

5